[927 NE2d 1053, 901 NYS2d 569]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVERY PETTIGREW, Appellant.

Argued February 18, 2010; decided April 6, 2010

## POINTS OF COUNSEL

*Legal Aid Society, Criminal Appeals Bureau,* New York City (*Nancy E. Little* and *Steven Banks* of counsel), for appellant. Where the People failed to prove that appellant was armed with a dangerous instrument, as defined in the Sex Offender Registration Act Guidelines, and the hearing court not only failed to apply that definition but also shifted the burden of proof to appellant, the court erred in assigning appellant 30 points under factor 1 on the Risk Assessment Instrument and in adjudicating him a level three risk. (*People v David W.,* 95 NY2d 130; *Doe v Pataki,* 3 F Supp 2d 456; *Doe v Department of Pub. Safety ex rel. Lee,* 271 F3d 38; *Matter of VanDover v Czajka,* 276 AD2d 945; *E.B. v Verniero,* 119 F3d 1077; *Solomon v State of New York,* 146 AD2d 439; *Rossi v Hartford Fire Ins. Co.,* 103 AD2d 771; *Krol v Eckman,* 256 AD2d 945; *Matter of Storar,* 52 NY2d 363; *People v Hilton,* 145 AD2d 352.)

*Cyrus R. Vance, Jr., District Attorney,* New York City (*Mary C. Farrington* and *Patrick J. Hynes* of counsel), for respondent. Defendant was correctly assessed 30 points for being armed with a dangerous instrument. (*People v Windham,* 10 NY3d 801; *Matter of North v Board of Examiners of Sex Offenders of State of N.Y.,* 8 NY3d 745; *Doe v Pataki,* 120 F3d 1263; *People v Buss,* 11 NY3d 553; *People v Stevens,* 91 NY2d 270; *People v Mingo,* 12 NY3d 563; *People v Carter,* 53 NY2d 113; *People v Smith,* 11 NY3d 797; *Addington v Texas,* 441 US 418; *People v Geraci,* 85 NY2d 359.)

## OPINION OF THE COURT

JONES, J.

The issue before this Court is whether the People proved by clear and convincing evidence that defendant was armed with a dangerous instrument for the purposes of classifying him a level three sex offender under the Sex Offender Registration Act (SORA). We hold that defendant's display of a gun to the victim and its threatened use constitute clear and convincing evidence that he was armed with a dangerous instrument during the commission of the crime in the context of a SORA hearing.

In 2003, defendant Avery Pettigrew pleaded guilty to rape in the first degree based on an incident earlier that year in which he forcibly raped a 16-year-old girl, and was sentenced to a term

of five years' incarceration followed by five years' postrelease supervision. In April 2007, prior to defendant's conditional release, a SORA proceeding was conducted for the purpose of determining his risk level. The Risk Assessment Instrument (RAI) prepared for the hearing assessed defendant 120 points, designating him a presumptive level three sex offender. The Board of Examiners also prepared a case summary prior to the SORA hearing. According to this case summary, while in pursuit of the victim, defendant said to her "[i]f I can't have you, no one will." He followed her into the stairwell of her apartment building and choked her. Then, defendant showed the victim a gun sticking out of his waistband, tore her pants down and raped her. Afterwards, defendant informed the victim that he would shoot her if she told anyone.

At the SORA hearing, defendant disputed the 30 points the Board of Examiners of Sex Offenders assessed under factor 1 for having been armed with a dangerous instrument. Defendant specifically argued that the People failed to prove by clear and convincing evidence that the gun he possessed during the rape was loaded and operable, proof that some appellate courts have required in first degree robbery cases based on a "use or the threatened use of a dangerous instrument" theory. Supreme Court rejected defendant's argument, adopted the Board's findings, and adjudicated defendant a level three offender. The Appellate Division unanimously affirmed (*People v Pettigrew*, 59 AD3d 276 [2009]). We now affirm.

A SORA proceeding, which is civil in nature, determines the risk of reoffense by a person convicted of a qualifying sex offense and requires that individual to register with law enforcement officials according to that risk level (*see People v Mingo*, 12 NY3d 563, 570-571 [2009]). The People "bear the burden of proving the facts supporting the determinations" by clear and convincing evidence (Correction Law § 168-n [3]). According to the Board of Examiners of Sex Offenders, points in the RAI "should not be assessed for a factor . . . unless there is clear and convincing evidence of the existence of that factor" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, ¶ 7, at 5 [2006]).[1] Indeed, we held that the RAI case summaries, such as the one prepared by the Board of Examiners of Sex Offenders in this case, "meet the 'reliable hearsay'

---

1. "This evidence can be derived from the sex offender's admissions; the victim's statements; . . . or from any other reliable source" (*id.*).

standard for admissibility at SORA proceedings" (*Mingo*, 12 NY3d at 573). The risk level suggested by the RAI, however, is merely presumptive, and the assigning of a risk level is within the sound discretion of the SORA court (*see* Correction Law § 168-n [3]).

Here, the People proved by clear and convincing evidence that defendant was armed with a dangerous instrument during the commission of the offense. A "[d]angerous instrument means 'any instrument, article or substance, which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury' " (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 8 [2006], quoting Penal Law § 10.00 [13]). Defendant's display of the gun to the victim and threat to shoot her constitute clear and convincing evidence that the gun was a dangerous instrument (*see People v Dodt*, 61 NY2d 408, 415 [1984] ["a threat to use a gun . . . can only be understood as a threat that the weapon is operable"]; *see also People v Walker*, 15 AD3d 692, 692 [3d Dept 2005] [pulling out a gun and placing it to the victim's head was clear and convincing evidence under the RAI and SORA Guidelines that the defendant was armed with a dangerous instrument]). We therefore reject defendant's assertion that points should not be assessed under this SORA factor absent evidence that the gun was loaded and operable.[2] Thus, viewing the record as a whole, the People have met their burden that defendant was armed with a dangerous instrument.

Accordingly, the order should be affirmed, without costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed, without costs.

---

2. Indeed, if defendant "used, threatened to use or attempted to use" the gun as a bludgeon, it clearly would qualify as a dangerous instrument (*see McLaughlin v United States*, 476 US 16, 18 [1986]; *see also People v Colavito*, 126 AD2d 554 [2d Dept 1987]).