# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**146**

**KA 11-01849**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMAL COOKE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered July 18, 2011. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Defendant contends that County Court erred in denying his request for a downward departure from his presumptive risk level. Specifically, defendant contends that, because his sentence for the underlying sex offense did not include a period of postrelease supervision, it was determined that he is not a risk to the community, and the lack of postrelease supervision therefore constitutes a mitigating factor warranting a downward departure. We reject that contention. A downward departure from the presumptive risk level is warranted where "there exists a[] . . . mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Coffey*, 45 AD3d 658, 658). Inasmuch as defendant's release from prison without "official" supervision is a factor adequately taken into account by risk factor 14 (Release Environment: Supervision) of the Risk Assessment Instrument (RAI), it is not a mitigating factor warranting a downward departure (*see generally People v Riverso*, 96 AD3d 1533, 1534). Indeed, the RAI assesses more points to a defendant released without official supervision because "[s]trict supervision is essential when a sex offender is released into the community" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17). Additionally, we note that, although other law enforcement personnel

involved in defendant's criminal action may have determined that defendant could be released without supervision following his incarceration, that determination is not controlling on the SORA court's risk level determination (*see generally People v Jackson*, 70 AD3d 1385, 1386, *lv denied* 14 NY3d 714).

Entered:  March 15, 2013                      Frances E. Cafarell
                                              Clerk of the Court