Order, Supreme Court, Bronx County (Ethan Greenberg, J.), entered on or about July 6, 2010, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), and order, same court (Megan Tallmer, J.), entered on or about February 16, 2012, which effectively denied defendant’s motion for renewal, and also denied defendant’s Correction Law § 168-o petition for modification, unanimously affirmed, without costs.
The People met their burden of proving, by clear and convincing evidence, the risk factor for sexual intercourse. Although defendant was permitted to plead guilty to first-degree sexual abuse in the underlying case, the victim’s grand jury testimony *568 constituted “reliable hearsay” (Correction Law § 168-n [3]) that satisfied the People’s burden (see People v Mingo, 12 NY3d 563, 572-574, 576-577 [2009]) and established the element of penetration.
The record relating to the February 16, 2012 order establishes that the court effectively denied renewal, and that the denial was proper given that defendant failed to explain why, had he exercised due diligence, the allegedly new evidence could not have been presented at the original hearing (see CPLR 2221 [e] [3]). To the extent the court deemed defendant’s motion to renew to be a request for modification under Correction Law § 168-0, it properly required defendant to establish whether he was entitled to a downward departure by clear and convincing evidence (People v Conway, 47 AD3d 492 [1st Dept 2008], lv denied 10 NY3d 708 [2008]). In any event, regardless of how the proceedings are characterized, we find no basis for a discretionary departure (see People v Pettigrew, 14 NY3d 406, 409 [2010]; Mingo, 12 NY3d at 568 n 2; People v Johnson, 11 NY3d 416, 421 [2008]) to level one. The underlying sex crime was committed against a 10-year-old child, and defendant’s arguments regarding mitigating factors are unpersuasive. In particular, defendant cites medical conditions that did not prevent him from committing the underlying crime.
Concur—Tom, J.P, Sweeny, Saxe, Román and Feinman, JJ.