THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WISE, Appellant. [6 NYS3d 292]—Appeal by the defendant from an order of the County Court, Nassau County (O'Brien, J.), entered December 19, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the assessment of 20 points against him under risk factor 7 for his establishment of a relationship with an undercover police officer posing as a 13-year-old girl for the purpose of victimizing the fictitious child was supported by clear and convincing evidence (*see People v Hemmes*, 110 AD3d 1387, 1388 [2013]; *People v DeDona*, 102 AD3d 58, 64 [2012]). Further, the assessment of 15 points pursuant to risk factor 11 based upon the defendant's lengthy and intense history of substance abuse also was supported by clear and convincing evidence (*see People v Zavala*, 114 AD3d 653, 654 [2014]; *People v Finizio*, 100 AD3d 977, 978 [2012]; *People v Crandall*, 90 AD3d 628, 629 [2011]).

A risk assessment instrument generally results in a presumptive risk level determination (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]) (hereinafter Guidelines), and a court may downwardly depart from the presumptive risk level where "there exists . . . [a] mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Guidelines at 4; *see People v Gillotti*, 23 NY3d 841 [2014]; *People v Wyatt*, 89 AD3d 112 [2011]). Here, the County Court properly concluded that the defendant failed to identify an appropriate mitigating factor that warranted a downward departure and, therefore, properly denied his request for that relief (*see People v Wortham*, 119 AD3d 666 [2014]).

The defendant's contention that the prosecution's failure to turn over a federal presentence investigation report to him prior to the hearing deprived him of due process and violated Correction Law § 168-n (3) is unpreserved for appellate review,

since he never advanced that argument at the hearing (*see People v Charache*, 9 NY3d 829, 830 [2007]; *People v Kotler*, 123 AD3d 992, 993 [2014]; *People v Williamson*, 73 AD3d 1398 [2010]; *People v Cureton*, 299 AD2d 532 [2002]). In any event, the contention is without merit, as the defendant received the report at the outset of the hearing, was afforded ample time to review it, and made effective use of it during the proceeding. Mastro, J.P., Dillon, Hall and Miller, JJ., concur.