THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY MORRISON, Appellant. [7 NYS3d 595]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated July 30, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

At a hearing to determine an offender's risk level under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the People bear the burden of proving by clear and convincing evidence the facts supporting the determination they seek (see Correction Law § 168-n [3]; People v Dash, 111 AD3d 907, 908 [2013]). The People may satisfy their burden through, among other things, reliable hearsay evidence (see People v Patronick, 117 AD3d 1018, 1018-1019 [2014]; People v Dash, 111 AD3d at 908).

In this case, the only issue on appeal is whether the People proved by clear and convincing evidence that the defendant was armed with a dangerous instrument during the incident, such that the assessment of 30 points under risk factor 1 was proper (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7-8 [2006]; People v Pettigrew, 14 NY3d 406, 408 [2010]; People v Dash, 111 AD3d at 908). As the hearing court found, the People satisfied their burden. The victim's sworn account, given shortly after the incident, was sufficient to establish by clear and convincing evidence that the defendant possessed a knife during the incident (see People v Kost, 82 AD3d 729, 729 [2011]; cf. People v Mingo, 98 AD3d 490, 491 [2012]). Accordingly, the assessment of 30 points under

risk factor 1 was proper. Moreover, upon assessing a total of 120 points, the hearing court properly designated the defendant a level three sex offender (*see People v Dash*, 111 AD3d at 909). Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.