■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PEARCE, Appellant. [22 NYS3d 575]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Margulis, J.), dated February 3, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level two sex offender.

In establishing an offender's appropriate risk level under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), "[t]he People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408 [2010], quoting Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563, 571 [2009]).

Here, contrary to the defendant's contention, the assessment of 15 points under risk factor 11 based upon his history of substance abuse was supported by clear and convincing evidence (see People v Wise, 127 AD3d 834, 834 [2015]; cf. People v Rodriguez, 130 AD3d 897, 897 [2015]; People v Zavala, 114 AD3d 653, 654 [2014]).

However, the People failed to prove by clear and convincing evidence that the defendant was armed with a dangerous instrument during the incident, thereby making the assessment of 30 points under risk factor 1 improper (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7-8 [2006]; People v Pettigrew, 14 NY3d at 408). The People relied primarily on the case summary included with the risk assessment instrument. The case summary stated that, once during the subject incident, the defendant told the victim that, if she did not calm down, his accomplice would "put a gun down her back." The People did not submit any evidence that the defendant or his accomplice displayed a weapon or anything resembling a weapon. Under these circumstances, the People failed to meet their burden of proving that the defendant or his accomplice was armed with a dangerous instrument during the incident (see People v Grant, 17 NY3d 613, 614 [2011]; cf. People v Pettigrew, 14 NY3d at 407; People v Morrison, 128 AD3d 658, 658 [2015]; People v Dash, 111 AD3d 907, 908 [2013]).

At the SORA hearing, the defendant conceded that the incident involved forcible compulsion. On this record, forcible compulsion was established by clear and convincing evidence. Accordingly, rather than assessing 30 points under risk factor 1, the Supreme Court should have assessed 10 points under risk factor 1. Taking this error into account, the defendant's point total on the risk assessment instrument should have been 90, rendering him a presumptive level two sex offender. Therefore, we reverse, and designate the defendant a level two sex offender. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.