Appeal by the defendant from an order of the Supreme Court, Nassau County (McDonald, J.), dated December 6, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The defendant pleaded guilty in federal court to two counts of transportation of images involving the sexual abuse of a minor in violation of 18 USC §§ 2252 (a) (1) and (b) (1). Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the Supreme Court granted the People’s application for an upward departure from the presumptive risk level one designation, and designated the defendant a level two sex offender. On appeal, the defendant contends that the court should have denied the People’s request for an upward departure.
 

 An upward departure from the presumptive risk level is permitted only if the court concludes, upon clear and convincing evidence, that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Gillotti, 23 NY3d 841, 861-862 [2014]; People v Diaz, 151 AD3d 891 [2017]; People v Ziliox, 145 AD3d 925 [2016]). Here, contrary to the defendant’s contention, the People satisfied their burden of establishing the existence of aggravating factors warranting an upward departure from the presumptive risk level, including, inter alia, the duration of the defendant’s conduct (see People v Wheeler, 144 AD3d 1341, 1342 [2016]), and his commission of concurrent crimes involving child pornography which were not adequately reflected in his criminal record under risk factor 9 (see People v Wyatt, 89 AD3d 112, 120 [2011]). Accordingly, the Supreme Court providently exercised its discretion in granting the People’s application for an upward departure from the presumptive sex offender risk level.
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.