People v Phillips (2018 NY Slip Op 02349)





People v Phillips


2018 NY Slip Op 02349


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2014-05506

[*1]People of State of New York, respondent,
v Marquis Phillips, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Albert Tomei, J.), dated April 30, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law article 6-C; hereinafter SORA), the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Guichardo, 146 AD3d 910, 910; People v Crandall, 90 AD3d 628, 629).
Here, the Supreme Court properly assessed 15 points under risk factor 11 (see SORA: Risk Assessment Guidelines and Commentary at 15 [2006]), as the People established by clear and convincing evidence that the defendant had a history of substance abuse (see People v Pearce, 135 AD3d 722, 722; People v Wise, 127 AD3d 834, 834; People v Finizio, 100 AD3d 977, 978).
Contrary to the defendant's contention, it was proper for the Supreme Court to hold a hearing pursuant to SORA after the matter was remitted from this Court (see People v Phillips, 110 AD3d 1050), notwithstanding that at the time of the hearing the defendant was incarcerated and serving a sentence of imprisonment of 78 years to life on a subsequent conviction (see Correction Law § 168-n[2], [3]).
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court