People v Griffin (2019 NY Slip Op 02729)





People v Griffin


2019 NY Slip Op 02729


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-09234

[*1]People of State of New York, respondent,
v
Donald Griffin, appellant. Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Sarah G. Pitts of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated May 24, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 145 points on the risk assessment instrument, within the range for a presumptive designation as a level three sex offender. The court denied the defendant's request for a downward departure from the presumptive risk level.
The defendant contends that the Supreme Court's assessment of 20 points under risk factor 3 (number of victims) based on there being two victims was in error because it was his codefendant, not the defendant, who had physical sexual contact with the first victim. The defendant's contention is without merit. Conduct does not have to amount to a SORA-level offense in order to be considered for the purposes of risk factor 3 (see People v Izzo, 26 NY3d 999, 1002), and this factor does not require "actual, physical sexual contact between the offender and victim" (People v DeDona, 102 AD3d 58,63). The clear and convincing evidence at the SORA hearing (see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406) established that the defendant, acting in concert with the codefendant, who was never apprehended, robbed the first victim in the elevator of her apartment building when she was with her two infant children. The two men brandished shotguns and took the first victim to her apartment, where they stole her jewelry and ordered her to remove her clothes. Thus, even if it was the codefendant, not the defendant, who had physical sexual contact with the first victim, the court correctly assessed 20 points under this risk factor (see People v James, 165 AD3d 850, 850-851).
The defendant's remaining contentions are without merit.
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court