People v Carmichael (2021 NY Slip Op 08263)





People v Carmichael


2021 NY Slip Op 08263


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-13356

[*1]People of State of New York, respondent,
v
Melinda Carmichael, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated October 18, 2017, which, after a hearing, designated her a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.
The defendant was convicted, upon her plea of guilty, of promoting prostitution in the second degree. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed a total of 95 points under the risk assessment instrument (hereinafter RAI) and designated her a level two sex offender. On appeal, the defendant challenges the assessment of points under certain risk factors.
"[P]oints in the RAI 'should not be assessed for a factor . . . unless there is clear and convincing evidence of the existence of that factor'" (People v Pettigrew, 14 NY3d 406, 408, quoting SORA: Risk Assessment Guidelines and Commentary at 5 [2006]). "The People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d at 408, quoting Correction Law § 168-n[3]).
Here, the defendant challenges the assessment of 25 points, under risk factor 2, for sexual contact with the victim, and 20 points, under risk factor 4, for engaging in a continuing course of sexual misconduct. As the People correctly concede, the Supreme Court improperly assessed the defendant 25 points under risk factor 2 and 20 points under risk factor 4, since there was never any sexual contact between the defendant and the victim, and, correspondingly, the defendant's conduct did not meet the definition of a continuing course of sexual misconduct (see People v Dilillo, 162 AD3d 915, 916). Deduction of the 45 points reduces the defendant's risk designation from a level two, to a level one, sex offender.
In light of our determination, the defendant's remaining contentions have been rendered academic.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court