People v Spagnuolo (2021 NY Slip Op 03623)





People v Spagnuolo


2021 NY Slip Op 03623


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-00063

[*1]The People of the State of New York, respondent,
v
Anthony Spagnuolo, appellant. Paul Skip Laisure, New York, NY (Angad Singh of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kamephis Perez of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated November 29, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 80 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant challenges the denial of his request for a downward departure.
The Supreme Court erred by denying the defendant's application for a downward departure on the ground that it was premature (see People v Wilcox, 178 AD3d 1107, 1108; People v Allende, 175 AD3d 732, 732-733; People v McKinney, 173 AD3d 1074, 1074-1075). The application was not premature, and the court should have considered the merits of the application (see People v McKinney, 173 AD3d at 1075; People v Ramos, 167 AD3d 787, 788-789). Remittal, however, is unnecessary, because the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Wilcox, 178 AD3d at 1108; People v Allende, 175 AD3d at 733; People v McKinney, 173 AD3d at 1075).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish the facts in support of the existence of any factor which tends to establish a lower likelihood of reoffense or danger to the community (see People v Wilcox, 178 AD3d at 1108; People v Souverain, 171 AD3d 1225, 1226). Accordingly, since the defendant's contention that he is entitled to a downward departure is without merit, the defendant was properly designated a level two sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court