People v Nicholson (2021 NY Slip Op 03622)





People v Nicholson


2021 NY Slip Op 03622


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2020-03889

[*1]The People of the State of New York, respondent,
v
Ronald Nicholson, appellant. Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Jason Eldridge of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Danny K. Chun, J.), rendered March 4, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant sought a downward departure from his presumptive level two risk designation. The Supreme Court declined to downwardly depart, and instead designated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD2d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]; hereinafter Guidelines). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 86).
Here, the defendant failed to meet his initial burden. Although, as the defendant contends, "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Guidelines at 17; see People v Alvin, 166 AD3d 1025, 1026), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence. The treatment evaluations submitted by the defendant merely showed that he made the progress that is expected from treatment, not that his response to treatment was exceptional (see People v Santiago, 137 AD3d 762, 764; People v Watson, 95 AD3d 978, 979). Similarly, the defendant failed to demonstrate that his age at the time of the SORA hearing, 57 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Porciello, 193 AD3d 993; People v Rivas, 185 [*2]AD3d 740). Finally, the fact that the total points assessed to the defendant were near the low range of the level two parameters did not, by itself, constitute grounds for a downward departure (see People v Zapata, 186 AD3d 761, 762).
Accordingly, the Supreme Court properly declined to downwardly depart, and correctly designated the defendant a level two sex offender.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court