People v McCoy (2022 NY Slip Op 02821)

People v McCoy

2022 NY Slip Op 02821

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-12357

[*1]The People of the State of New York, respondent,
v
Eric McCoy, appellant. 

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Benjamin E. Mannion of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Suzanne Melendez, J.), dated October 4, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was assessed 120 points on the risk assessment instrument (hereinafter RAI), presumptively placing him within the range for a level three designation. An override based upon the defendant's prior felony sex crime convictions (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]) provided an additional basis for presumptively designating him a level three sex offender. The defendant contends that the Supreme Court improvidently exercised its discretion in denying his request for a downward departure from the presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Initially, to the extent the Supreme Court mistakenly believed that it had no discretion to downwardly depart and was constrained by the defendant's presumptive risk level derived from the RAI score and the override, and denied the defendant's application on that basis, remittal is unnecessary, because the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Spagnuolo, 195 AD3d 759, 760).
The defendant failed to demonstrate that he was entitled to a downward departure due [*2]to mitigating circumstances. Although an offender's "advanced age" upon release may constitute a basis for a downward departure (Guidelines at 5; see People v Nicholson, 195 AD3d 758, 759; People v Porciello, 193 AD3d 993, 994), the defendant failed to demonstrate that his age at the time of the SORA hearing constituted an appropriate mitigating factor and minimized his risk of reoffense, particularly in light of his history of committing sex offenses when not incarcerated (see People v West, 189 AD3d 1481, 1483; People v Mitchell, 178 AD3d 865, 866). Moreover, the defendant failed to demonstrate an "exceptional" response to treatment by a preponderance of the evidence (Guidelines at 17; see People v Santiago, 137 AD3d 762, 764; People v Watson, 95 AD3d 978, 979).
The remaining factors on which the defendant relied, including his participation in educational and vocational programs, release environment, and the RAI score itself, had already been taken into account by the Guidelines (see People v Nicholson, 195 AD3d 758, 759; People v Sawyer, 169 AD3d 840, 841; People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Cooke, 104 AD3d 1185, 1186).
Accordingly, the defendant's application for a downward departure was properly denied.
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court