People v Castrovinci (2022 NY Slip Op 05550)

People v Castrovinci

2022 NY Slip Op 05550

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2017-02502

[*1]The People of the State of New York, respondent,
v
Antoinette Castrovinci, appellant. Twyla Carter, New York, NY (Lauren E. Jones of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Danny K. Chun, J.), dated February 24, 2017, which, after a hearing, designated her a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.
The defendant was convicted, upon her plea of guilty, of sex trafficking. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed a total of 100 points under the risk assessment instrument (hereinafter RAI) and designated her a level two sex offender. The defendant appeals.
Points may be assessed for a risk factor on the RAI only if "'there is clear and convincing evidence of the existence of that factor'" (People v Pettigrew, 14 NY3d 406, 408, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; see People v Carmichael, 192 AD3d 924, 925). "The People 'bear the burden of proving the facts supporting the determinations'" made at a SORA hearing (People v Pettigrew, 14 NY3d at 408, quoting Correction Law § 168-n[3]; see People v Carmichael, 192 AD3d at 925).
Here, the defendant, inter alia, challenges the assessment of 25 points under risk factor 2 for sexual contact with the victim, and 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct. Although the defendant's arguments regarding the assessment of points under risk factors 2 and 4 are raised for the first time on appeal, we exercise our discretion to consider the merits of those arguments. As the People correctly concede, the Supreme Court improperly assessed points under risk factors 2 and 4 since there was never any sexual contact between the defendant and the victim, and, correspondingly, the defendant's conduct did not satisfy the definition of a continuing course of sexual misconduct (see People v Carmichael, 192 AD3d at 925; People v Dilillo, 162 AD3d 915, 916). Deducting the 45 points assessed under those risk factors reduces the defendant's score on the RAI to 55, resulting in a risk level one designation (see People v Carmichael, 192 AD3d at 925).
In light of our determination, the defendant's contentions regarding the assessment [*2]of points under risk factor 7 and the denial of her request for a downward departure have been rendered academic, and her remaining contentions need not be addressed.
CONNOLLY, J.P., RIVERA, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court