People v Camacho-Gutierrez (2022 NY Slip Op 06274)

People v Camacho-Gutierrez

2022 NY Slip Op 06274

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-01904

[*1]The People of the State of New York, respondent,
v
Cruz Camacho-Gutierrez, appellant. Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated February 25, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the third degree. The People submitted a risk assessment instrument (hereinafter RAI) in which they assessed the defendant a total risk factor score of 115, resulting in a presumptive risk level three designation. After a hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA), the Supreme Court assessed 105 points, and, in an order dated February 25, 2021, designated the defendant a level two sex offender. On appeal, the defendant contends that the People failed to establish, by clear and convincing evidence, facts to support the assessment of 30 points under risk factor 1 (armed with a dangerous instrument), and 15 points under risk factor 14 (release without supervision).
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Vasquez, 189 AD3d 1480, 1481). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Luna, 187 AD3d 805, 806, quoting People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). As the risk level set forth in the RAI is merely presumptive, the assessment of a risk level is within the sound discretion of the SORA court (see People v Pettigrew, 14 NY3d 406, 409).
Contrary to the defendant's contention, he was properly assessed 30 points under risk factor 1 for having been armed with a dangerous instrument during the commission of the underlying offense. The victim's statement, case summary, and presentence report constituted "reliable hearsay" (People v Mingo, 12 NY3d 563, 573-574), and satisfied the People's burden of proving, by clear and convincing evidence, that the defendant was armed with a dangerous instrument during the commission of the offense (see People v Morrison, 128 AD3d 658, 658-659; People v Kost, 82 [*2]AD3d 729).
The Supreme Court's assessment of 15 points under risk factor 14 was also supported by clear and convincing evidence in the record, including records from the Department of Homeland Security which established that the defendant was subject to a final order of removal (see People v Villavicencio, 206 AD3d 677, 678; People v Gonzalez, 194 AD3d 1083, 1084).
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court