People v Cortez-Moreno (2023 NY Slip Op 01811)

People v Cortez-Moreno

2023 NY Slip Op 01811

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-05263

[*1]The People of the State of New York, respondent, 
v
Jesus Cortez-Moreno, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Hilda Mortensen and Rebecca L. Abensur of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated June 20, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the third degree (Penal Law § 130.25). At a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the People sought the assessment of 120 points on the risk assessment instrument (hereinafter RAI), including 30 points under risk factor 1 (use of violence), thereby presumptively placing the defendant in the level three risk category. Alternatively, in the event that the Supreme Court only assessed enough total points on the RAI to presumptively place the defendant in the level two risk category, the People sought an upward departure to a level three designation. In an order dated June 20, 2019, the court designated the defendant a level three sex offender, having found that the People established, by clear and convincing evidence, the propriety of assessing 120 points on the RAI. The defendant appeals.
In establishing a defendant's risk level under SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 571; People v Williams, 202 AD3d 714, 715).
Under risk factor 1, the Guidelines provide, inter alia, for the assessment of 10 points for using forcible compulsion and the assessment of 30 points for being "armed with a dangerous instrument" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7 [2006] [hereinafter Guidelines]). As the defendant correctly contends, he was improperly assigned 30 points under this risk factor (see People v Pearce, 135 AD3d 722). Although the defendant threatened to use a machete against the victim unless she engaged in sexual intercourse with him, claiming that the machete was under his bed, the People never produced any evidence that the defendant displayed or actually had a machete under his bed, or anywhere else, during that sexual assault, or that he had or displayed a dangerous instrument during any other sexual assault against [*2]the victim. Thus, the People failed to produce clear and convincing evidence that the defendant was armed with a dangerous instrument during any of his sexual assaults against the victim (see id. at 722). As the defendant correctly concedes, however, he should have been assigned 10 points under risk factor 1 for use of forcible compulsion (see id. at 723; see also Guidelines at 8; Penal Law § 130.00[8][b]). The assignment of 10 points, rather than 30, under risk factor 1 reduces the defendant's presumptive risk category from level three to level two.
Although the Supreme Court did not consider the People's alternative application for an upward departure, the record is sufficient for this Court to make its own findings of fact and conclusions of law on this issue (see People v McCoy, 204 AD3d 1045, 1046; People v Garofolo, 195 AD3d 958, 961; People v Spagnuolo, 195 AD3d 759). The People established, by clear and convincing evidence, that an upward departure was warranted based upon the frequency and extended duration of the conduct (once or twice per week for 17 years), which began when the victim was a child and continued into adulthood when the victim remained dependent upon the defendant (see People v Suarez, 163 AD3d 884; People v Rodriguez, 155 AD3d 898, 899; People v Davis, 130 AD3d 598, 600).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
In light of our determination, we need not reach the defendant's remaining contention.
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court