People v Johnson (2025 NY Slip Op 02663)

People v Johnson

2025 NY Slip Op 02663

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Ind No. 475/81|Appeal No. 4251|Case No. 2018-260|

[*1]The People of the State of New York, Respondent,
v
Kenneth Johnson, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Elizabeth B. Emmons of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Ethan Solomon of counsel), for respondent.

Order, Supreme Court, New York County (Roger S. Hayes, J.), entered on or about November 3, 2017, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correctional Law art 6-C), unanimously affirmed, without costs.
The court properly assessed 20 points for defendant's unsatisfactory conduct while confined. The People established by clear and convincing evidence (see People v Pettigrew, 14 NY3d 406, 408 [2010]) that defendant committed multiple acts of sexual misconduct in the 10 years prior to his release from prison, including sending a sexually explicit letter to a female radio disc jockey, inappropriately touching, on different occasions, five different female nurses administering medication, and exposing himself and masturbating in front of a female correction officer. Notably, defendant committed these acts, except for the sexually explicit letter, after "successful" completion of a sex offender treatment program, with "high marks."
The court providently exercised its discretion when it declined to grant a downward departure to level one (see People v Gillotti, 23 NY3d 841, 861 [2014]). The seriousness of his offense and his continued sexual misconduct while incarcerated support the court's conclusion that the risk assessment instrument did not over-assess his dangerousness and his high risk of reoffending. Neither defendant's physical infirmities nor his age minimized his risk of reoffense, where he engaged in sexual misconduct despite his blindness and age (see People v Feldmeth, 230 AD3d 1040, 140-141 [1st Dept 2024], lv denied 42 NY3d 913 [2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025