■ The People of the State of New York, Respondent, v Robert Brown, Appellant. [875 NYS2d 123]—

Appeal by the defendant, as limited by his brief, from so much of an order of the Supreme Court, Kings County (McKay, J.), entered April 19, 2007, as, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In establishing the appropriate risk level determination under the Sex Offender Registration Act (Correction Law art 6-C), the People bear the burden of proving the necessary facts by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Hardy,* 42 AD3d 487 [2007]; *People v Lawless,* 44 AD3d 738 [2007]). Here, the defendant contends that the People failed to establish by clear and convincing evidence that he should be assessed 20 points under risk level factor 4, "Duration of Offense Conduct With Victim" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]). We disagree. The People submitted adequate proof that the defendant engaged in two or more acts of sexual contact against the victim, including at least one act of sexual intercourse, separated by at least 24 hours (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [2006]; *People v Bolton,* 50 AD3d 990 [2008]; *People v Taylor,* 48 AD3d 775, 776 [2008]; *cf. People v Wright,* 53 AD3d 963, 964 [2008]).

The defendant's remaining contentions are without merit. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.