■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD IORIO, Appellant. [903 NYS2d 270]—Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated January 25, 2008, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant contends that the Supreme Court erred in designating him a level three sex offender in that the weapon he allegedly used in the commission of his predicate offenses was not a "dangerous instrument," and, in any event, that such implement was not used in the commission of those offenses. The defendant's contention that he did not use the implement is unpreserved for appellate review (*see People v Kelly*, 46 AD3d 790, 791 [2007]) and, in any event, is without merit, as is his contention that the implement was not a "dangerous instrument" (*see* Penal Law § 10.00 [13]; *People v Pettigrew*, 14 NY3d

406, 409 [2010]; *People v Chambers*, 66 AD3d 748 [2009]; *People v Richard*, 30 AD3d 750, 753 [2006]; *People v Madeo*, 103 AD2d 901, 902 n [1984]; *People v Jones*, 54 AD2d 740 [1976]).

The defendant's contention that he was entitled to a downward departure from his presumptive level three risk assessment is unpreserved for appellate review and, in any event, without merit (*see People v McKee*, 66 AD3d 854, 855 [2009]; *People v Rivera*, 51 AD3d 646 [2008]; *People v Lewis*, 50 AD3d 1567, 1568 [2008]; *People v Adams*, 44 AD3d 1020 [2007]).

The defendant's remaining contention is without merit (*see People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Austin*, 54 AD3d 916, 917 [2008]; *People v Lamberty*, 45 AD3d 486 [2007]).

Motion by the appellant on an appeal from an order of the Supreme Court, Richmond County, dated January 25, 2008, inter alia, to strike the respondent's brief and addendum thereto on the ground that they contain and refer to matter dehors the record. By decision and order of this Court dated May 14, 2010 [2010 NY Slip Op 71551(U)], that branch of the motion which was to strike the respondent's brief and addendum thereto was held in abeyance, and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to strike the respondent's brief and addendum thereto is granted to the extent that the addendum and any references thereto in the brief are stricken, and they have not been considered in the determination of the appeal, and that branch of the motion is otherwise denied. Dillon, J.P., Miller, Eng and Chambers, JJ., concur.