■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SPRING, Appellant. [921 NYS2d 539]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated February 3, 2009, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's contention that he was entitled to a downward departure to a level two sex offender status is unpreserved for appellate review (*see People v Iorio*, 74 AD3d 1306 [2010]; *People v Rivera*, 51 AD3d 646, 647 [2008]; *People v Lewis*, 50 AD3d 1567, 1568 [2008]). In any event, the defendant failed to demonstrate that there existed mitigating circumstances of a kind or to a degree not otherwise adequately taken into account by the guidelines that warranted a downward departure from his presumptive level three sex offender status (*see People v Mendez*, 79 AD3d 834 [2010], *lv denied* 16 NY3d 707 [2011]; *People v Maiello*, 32 AD3d 463 [2006]). Dillon, J.P., Covello, Florio and Hall, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD STAHL, Appellant. [921 NYS2d 528]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated June 5, 2009, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, he is not entitled to a downward departure from his presumptive level two risk assessment. The defendant failed to show the existence of special circumstances warranting a downward departure (*see People v Mendez*, 79 AD3d 834 [2010], *lv denied* 16 NY3d 707 [2011]; *People v Johnson*, 77 AD3d 897 [2010], *lv denied* 16 NY3d 704 [2011]; *People v Maiello*, 32 AD3d 463 [2006]). Accordingly, the County Court providently exercised its discretion in designating the defendant a level two sex offender. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.