■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL FERNANDEZ, Appellant. [936 NYS2d 556]—

The defendant contends that the Supreme Court erred in denying his request for a downward departure from his presumptive level two risk assessment.

A downward departure from the presumptive risk level is generally only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the Sex Offender Registration Act (hereinafter SORA) Guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *People v Martin*, 90 AD3d 728 [2d Dept 2011]). Here, the factor upon which the defendant relied to support his request for a downward departure was his participation in a sex offender treatment program. However, the record before us in this case establishes that the defendant failed to demonstrate the existence of any special circumstances not adequately taken into account by the SORA Guidelines (*see People v Wyatt*, 89 AD3d

112, 129-130 [2011], *lv denied* 18 NY3d 803 [2012]; *cf. People v Migliaccio*, 90 AD3d 879 [2d Dept 2011]).

The defendant's contention that several other factors warrant a downward departure is unpreserved for appellate review, as he failed to raise these factors at the SORA hearing (*see People v Spring*, 83 AD3d 1028 [2011]; *People v Iorio*, 74 AD3d 1306, 1307 [2010]; *People v Moore*, 16 AD3d 190, 190-191 [2005]). In any event, the defendant's contention is without merit.

Accordingly, the Supreme Court correctly denied the defendant's request for a downward departure. Mastro, A.P.J., Angiolillo, Belen and Lott, JJ., concur.