■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v ADAM PATRONICK, Appellant. [986 NYS2d 593]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Koenderman, J.), dated December 10, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law art 6-C), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (*see* Correction Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Pettigrew*, 14 NY3d 406, 408 [2010]; *People v Wyatt*, 89 AD3d 112, 117-118 [2011]). " 'In assessing points, evidence may be derived from . . . the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay' " (*People v Barbour*, 111 AD3d 813, 813-814 [2013], quoting *People v Crandall*, 90 AD3d 628, 629 [2011]; *see* Correc-

tion Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Mingo*, 12 NY3d 563, 571-572 [2009]; *People v McPherson*, 114 AD3d 653 [2014]).

Here, the case summary and the sworn felony complaint constituted "reliable hearsay" (Correction Law § 168-n [3]; *see People v Mingo*, 12 NY3d at 576; *People v Dash*, 111 AD3d 907, 908 [2013]) and provided clear and convincing evidence to warrant the assessment of 20 points under risk factor four, for engaging in a continuing course of sexual misconduct against the victim (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]). This provided sufficient points for the defendant to be designated a level two sex offender.

Contrary to the defendant's contention, his due process rights were not violated at the SORA hearing (*see People v Harris*, 100 AD3d 727, 728 [2012]). Rivera, J.P., Lott, Miller and Duffy, JJ., concur.