■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v JOSE DEJESUS, Appellant. [5 NYS3d 893]—Appeal by the defendant from an order of the Supreme Court, Queens County (Koenderman, J.), dated June 25, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, in determining his risk level under the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court properly assessed 20 points against him under risk factor 4 for engaging in a continuing course of sexual misconduct against the victim. Here, the sworn felony complaint constituted "reliable hearsay" (*People v Mingo*, 12 NY3d 563, 576 [2009]; *see People v Patronick*, 117 AD3d 1018, 1019 [2014]; *People v Townsend*, 60 AD3d 655, 656 [2009]) and provided clear and convincing evidence to warrant the assessment of the challenged points (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; *People v Patronick*, 117 AD3d 1018, 1019 [2014]).

The defendant failed to preserve his contention that a downward departure from the presumptive risk level was warranted (*see People v Estrella*, 90 AD3d 879 [2011]; *People v Spring*, 83 AD3d 1028 [2011]; *People v Iorio*, 74 AD3d 1306, 1307 [2010]). In any event, under the circumstances of this case, the defendant's age did not warrant a downward departure from his presumptive risk level (*see People v Lucius*, 122 AD3d 819, 820 [2014]; *People v Grubbs*, 107 AD3d 771, 773 [2013]; *People v Harris*, 93 AD3d 704, 706 [2012]), and the

remaining factors upon which he relied were already taken into account by the Guidelines (*see People v Torres*, 124 AD3d 744 [2015]; *see generally People v Gillotti*, 23 NY3d 841, 861 [2014]).

Accordingly, the defendant was properly designated a level two sex offender. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.