■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR REMBERTO FIGUEROA, Appellant. [27 NYS3d 885]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated July 22, 2015, which, after a

hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In determining a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), a downward departure from a sex offender's presumptive risk level generally is warranted only where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Vegh*, 134 AD3d 1084 [2015]; *People v Watson*, 95 AD3d 978, 979 [2012]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]). Here, in support of his application for a downward departure, the defendant relied upon his completion of a sex offender treatment program and an alcohol treatment program. However, while a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (*see People v Washington*, 84 AD3d 910, 911 [2011]), the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (*see People v Pendleton*, 112 AD3d 600, 601 [2013]; *People v Perez*, 104 AD3d 746, 746-747 [2013]).

The defendant's contention that certain other factors warrant a downward departure is unpreserved for appellate review, as he did not raise these grounds at the SORA hearing (*see People v Fernandez*, 91 AD3d 737, 738 [2012]; *People v Spring*, 83 AD3d 1028 [2011]). In any event, the defendant's contention is without merit.

Accordingly, the County Court properly denied the defendant's application for a downward departure to risk level one and designated him a level two sex offender. Balkin, J.P., Roman, Cohen and Hinds-Radix, JJ., concur.