■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v FRED YEARWOOD, Appellant. [40 NYS3d 567]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated September 27, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In this proceeding to determine the defendant's risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), the Board of Examiners of Sex Offenders completed a Risk Assessment Instrument and assessed the defendant a total of 125 points, which presumptively placed him in a risk level three category. At the SORA hearing, the Supreme Court granted the People's request to assess an additional 10 points under risk factor 13 for unsatisfactory conduct while confined, noting, however, that the additional points had no impact on the defendant's presumptive risk level. The Supreme Court then denied the defendant's request for a downward departure and designated him a level three sex offender.

We agree with the defendant that the People failed to establish by clear and convincing evidence that the defendant's conduct during his period of incarceration was unsatisfactory within the meaning of the SORA Risk Assessment Guidelines (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]) and, thus, the Supreme Court should not have assessed him 10 additional points under risk factor 13 which, as noted, still placed him in a risk level three category. However, the court properly concluded that none of the factors put forward by the defendant showed that the presumptive risk level overassessed the danger presented by the defendant and the risk of reoffense (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Vegh*, 134 AD3d 1084 [2015]; *People v Shelton*, 126 AD3d 959, 960 [2015]; *People v Grubbs*, 107 AD3d 771, 773 [2013]; *People v Wyatt*, 89 AD3d 112, 128 [2011]). The defendant's remaining contention is without merit. Accordingly, the Supreme Court properly designated the defendant a level three sex offender. Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.