People v Gilmore (2018 NY Slip Op 01624)





People v Gilmore


2018 NY Slip Op 01624


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-00897

[*1]People of State of New York, respondent, 
v
Trevor Gilmore, appellant. Seymour W. James, Jr., New York, NY (Ellen Dille of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated October 22, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 90 points on the risk assessment instrument, which score was within the range for a presumptive designation as a level two sex offender. The court denied the People's request for an upward departure and designated the defendant a level two sex offender. On this appeal, the defendant challenges the assessment of 15 points under risk factor 1 for infliction of physical injury, rather than only 10 points under that risk factor for use of forcible compulsion. He also challenges the assessment of 10 points under risk factor 13 for unsatisfactory conduct while confined. Finally, he contends that he was entitled to a downward departure from his presumptive risk level.
In establishing a defendant's risk level pursuant to SORA, the People have the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]). Here, as the People correctly concede on appeal, they failed to establish that the defendant inflicted physical injury on the victim, and, therefore, the defendant should have been assessed only 10 points rather than 15 points under risk factor 1 (see SORA: Risk Assessment Guidelines and Commentary at 7-8 [2006]; Penal Law § 10.00[9]). The People also failed to establish that the defendant's conduct during his period of incarceration was unsatisfactory within the meaning of the SORA Risk Assessment Guidelines (see SORA: Risk Assessment Guidelines and Commentary at 16 [2006]) and, thus, the Supreme Court should not have assessed him 10 additional points under risk factor 13 (see People v Yearwood, 144 AD3d 776, 777). However, even deducting these 15 points, the resulting score still places the defendant in the presumptive risk level two category.
The defendant's contention that he was entitled to a downward departure from a level two to a level one sex offender is unpreserved for appellate review as he did not argue at the SORA hearing that there existed mitigating circumstances of a kind or to a degree not otherwise adequately taken into account by the guidelines that warranted a downward departure from his presumptive level [*2]two sex offender status (see People v Cepeda, 148 AD3d 942, 942-943; People v Figueroa, 138 AD3d 708, 709; People v Rosales, 133 AD3d 733; People v Fernandez, 91 AD3d 737, 738). In any event, the defendant's contention is without merit.
The defendant's remaining contention is without merit.
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court