People v Reali (2018 NY Slip Op 02198)





People v Reali


2018 NY Slip Op 02198


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05063

[*1]People of State of New York, respondent,
v
Paul Reali, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Peter M. Forman, J.), dated April 15, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant challenges his designation as a level two sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) following his conviction, upon his plea of guilty, of rape in the first degree in violation of Penal Law § 130.35(4).
In establishing an offender's appropriate risk level under SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]).
Here, contrary to the defendant's contention, the County Court properly assessed him15 points under risk factor 11 based upon his history of alcohol abuse, which was proven by clear and convincing evidence (see People v Pearce, 135 AD3d 722, 722; People v Wise, 127 AD3d 834, 834; People v Zavala, 114 AD3d 653, 654). The court also properly assessed the defendant 10 points under risk factor 1, as the People demonstrated the element of forcible compulsion by clear and convincing evidence (see People v Martinez, 125 AD3d 735, 736; People v Yeaden, 156 AD2d 208, 208). Similarly, the court's assessment of 20 points under risk factor 4 was proper. The People provided clear and convincing evidence that the defendant engaged in two or more acts of sexual contact against the victim, including at least one act of sexual intercourse, separated by at least 24 hours (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; People v Patronick, 117 AD3d 1018, 1018; People v Brown, 60 AD3d 655, 655).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court