People v Watkins (2019 NY Slip Op 00483)





People v Watkins


2019 NY Slip Op 00483


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-05896

[*1]People of State of New York, respondent,
v
Junior Watkins, appellant.


Janet E. Sabel, New York, NY (Lorraine Maddalo of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (James P. Sullivan, J.), dated May 12, 2014. The order, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant challenges his designation as a level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA) following his conviction, upon his plea of guilty, of criminal sexual act in the first degree in violation of Penal Law § 130.50(1).
In establishing an offender's appropriate risk level under SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]). "The [SORA] guidelines assume that the Board or a court will generally apply traditional principles of accessorial liability in calculating an offender's presumptive risk level (see Penal Law § 20.00)" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 7 [2006]). Here, contrary to the defendant's contention, the Supreme Court properly assessed him 20 points under risk factor 4. The victim testified before the grand jury that in March 2004, the defendant ordered her to engage in oral sexual conduct with numerous men while he pointed a handgun at her head, and threatened to shoot her if she did not comply with his demand. Moreover, one of the men engaged in sexual intercourse with her. Thus, accessorial liability for the sexual offenses committed against the victim by these men may be imposed on the defendant for purposes of determining his risk level classification (see People v Rhodehouse, 88 AD3d 1030, 1032; Penal Law § 20.00).
Additionally, there was evidence that in May 2004, the defendant engaged in oral sexual conduct with the victim. Accordingly, the People proved by clear and convincing evidence that the defendant engaged in two or more acts of sexual contact against the victim, at least one of which was an act of sexual intercourse or oral sexual contact (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10; People v Reali, 159 AD3d 1030, 1030; People v Patronick, 117 AD3d 1018, 1018).
The defendant's contention that the Supreme Court improperly assessed him 30 points [*2]for being armed with a dangerous instrument is unpreserved for appellate review, as he did not object to the assessment of these points before the SORA court (see People v Benitez, 140 AD3d 1140, 1141; People v Duart, 84 AD3d 908). In any event, the court properly assessed him 30 points under risk factor 1, as the People demonstrated by clear and convincing evidence that the defendant was armed with a gun during the March 2004 incident (see People v Pettigrew, 14 NY3d 406; People v Dash, 111 AD3d 907, 908).
BALKIN, J.P., AUSTIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court