People v Cuspert (2019 NY Slip Op 04013)





People v Cuspert


2019 NY Slip Op 04013


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2016-00089

[*1]People of State of New York, respondent,
v
Samuel Cuspert, appellant.


Janet E. Sabel, New York, NY (Kerry Elgarten of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Barry Kron, J.), dated December 8, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
We agree with the Supreme Court's determination assessing the defendant points under risk factor 1, for use of a dangerous instrument, and risk factor 11, for a history of substance abuse. In establishing an offender's appropriate risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), "[t]he People bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]; see People v Mingo, 12 NY3d 563, 571). Here, the defendant's use of a dangerous instrument and history of substance abuse were established by clear and convincing evidence in the form of his presentence report and the case summary completed by the Board of Examiners of Sex Offenders. Contrary to the defendant's contention, these items constituted reliable hearsay, and, thus, the court properly relied upon them in assessing the defendant's level of risk (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d at 572-573, 576).
The defendant's contention that certain factors warrant a downward departure from his presumptive risk level is unpreserved for appellate review because he did not raise these grounds at the SORA hearing (see People v Soriano, 167 AD3d 668; People v Joseph, 163 AD3d 594). In any event, the defendant was not entitled to a downward departure (see People v Alvin, 166 AD3d 1025; People v Curry, 158 AD3d 52, 62; People v DeJesus, 127 AD3d 1047; see generally People v Gillotti, 23 NY3d 841, 861).
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court