People v Garcia (2019 NY Slip Op 07801)





People v Garcia


2019 NY Slip Op 07801


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-08787

[*1]People of State of New York, 
v
Marvin Garcia, appellant. Janet E. Sabel, New York, NY (Laura Lieberman Cohen of counsel), for appellant.


Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated June 8, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree. At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from the presumptive risk assessment level and adjudicated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA Guidelines and Commentary [hereinafter Guidelines] at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to prove by a preponderance of the evidence that a downward departure was warranted. In particular, the defendant provided evidence that he had completed sex offender treatment and an alcohol treatment program, but he failed to establish by a preponderance of the evidence that his response to either of these treatments was exceptional (see People v Boutin, 172 AD3d 1253; People v Brathwaite, 172 AD3d 1115; People v Figueroa, 138 AD3d 708, 709; People v Santiago, 137 AD3d 762, 764). The defendant's score on an alternate risk assessment instrument did not constitute a proper mitigating factor (see People v Boutin, 172 AD3d 1253; People v Howell, 167 AD3d 785, 786; People v Haye, 162 AD3d 801, 801). The other allegedly mitigating circumstances identified by the defendant were either adequately taken into [*2]account by the Guidelines or the defendant failed to demonstrate by a preponderance of the evidence that the circumstances resulted in the overassessment of his risk to public safety (see People v Saintilus, 169 AD3d 838, 839).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's request for a downward departure from his presumptive risk level, and to designate him a level two sex offender pursuant to Correction Law article 6-C.
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court