People v Diaz (2020 NY Slip Op 01094)





People v Diaz


2020 NY Slip Op 01094


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-09421

[*1]People of State of New York, respondent,
v
Jaime Diaz, appellant.


Janet E. Sabel, New York, NY (Jose David Rodriguez Gonzalez of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Andrew S. Ayala of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth A. Foley, J.), dated August 11, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level three sex offender based upon, inter alia, the automatic override for having a prior felony conviction for a sex crime. The court denied the defendant's request for a downward departure.
We agree with the Supreme Court's determination denying the defendant's application for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although "a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional," here, the defendant failed to show by a preponderance of the evidence that his response to treatment, while positive, was exceptional (People v McClendon, 175 AD3d 1329, 1331 [internal quotation marks omitted]; People v Figueroa, 138 AD3d 708, 709).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level three sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court