People v Thomas (2020 NY Slip Op 03681)





People v Thomas


2020 NY Slip Op 03681


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-14941

[*1]People of State of New York, respondent, 
v
Michael Thomas, appellant.


Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J), dated November 27, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On April 29, 1998, the defendant was convicted, after a jury trial, of rape in the first degree. In November 2018, the County Court conducted a risk level determination hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA). Due to the defendant's prior convictions for felony sex offenses, a mandatory override resulted in his presumptive designation as a level three sex offender (see People v Varvaro, 171 AD3d 958, 959). The defendant requested that the court downwardly depart from the presumptive risk level, but the court rejected the defendant's request and designated him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant contends that the County Court should have granted his request for a downward departure based upon his exceptional response to sex offender treatment during his incarceration. This contention is unpreserved for appellate review, as the defendant failed to raise it as a ground for a downward departure at the SORA hearing (see People v Boutin, 172 AD3d 1253, 1254; People v Howell, 167 AD3d 785, 786; People v Cosby, 154 AD3d 789, 790). In any event, [*2]the defendant failed to show by a preponderance of the evidence that his response to treatment was exceptional (see People v Burrowes, 177 AD3d 1005, 1007; People v McClendon, 175 AD3d 1329, 1331; People v Boutin, 172 AD3d at 1254).
Accordingly, we agree with the Supreme Court's designation of the defendant as a level three sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court