People v Rivas (2020 NY Slip Op 03810)





People v Rivas


2020 NY Slip Op 03810


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-06443

[*1]People of State of New York, respondent,
v
Benedicto Rivas, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Isaiah Affron on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Joseph E. Gubbay, J.), dated February 7, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant was assessed 105 points, placing him at the top of the range for a presumptive level two designation. The defendant contends that the Supreme Court improvidently exercised its discretion in denying his request for a downward departure from the presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5; see People v McClendon, 175 AD3d 1329, 1331; People v Munoz, 155 AD3d 1068, 1069), the defendant failed to demonstrate that his age at the time of the SORA hearing, 73 years old, constituted an appropriate mitigating factor and would minimize his risk of reoffense, particularly since the sexual offenses against the minor victims took place when the defendant was in his 50s (see People v Mitchell, 178 AD3d 865; People v McClendon, 175 AD3d at 1131; People v Tromba, 157 AD3d 915; People v Munoz, 155 AD3d at 1069; People v DeJesus, 127 AD3d 1047). The research [*2]studies relied upon by the defendant failed to demonstrate by a preponderance of the evidence that his age constituted a basis for a downward departure (see People v Mitchell, 178 AD3d at 866; People v Rodriquez, 145 AD3d 489, 490).
The defendant failed to submit any medical evidence showing that his deteriorating health constitutes a "physical condition" that renders him less likely to commit sex crimes in the future (see People v Charles, 162 AD3d 125; cf. People v Stevens, 55 AD3d 892).
Contrary to the defendant's contention, the fact that he scored in the lowest risk category on the Static-99R actuarial risk assessment instrument does not, standing alone, qualify as an appropriate mitigating factor (see People v Haye, 162 AD3d 801, 801; People v Curry, 158 AD3d 52). Further, any remaining factors upon which the defendant relied were already taken into account by the Guidelines (see People v DeJesus, 127 AD3d at 1047-1048).
Moreover, none of the factors put forward by the defendant, either singly, or in combination with each other, showed that the presumptive risk level overassessed the danger presented by the defendant and the risk of reoffense (see People v Curry, 158 AD3d at 58-59; People v Tromba, 157 AD3d at 916; People v Rodriguez, 145 AD3d at 490; People v Shelton, 126 AD3d 959, 960).
Accordingly, the Supreme Court did not improvidently exercise its discretion in declining to downwardly depart from the presumptive risk level.
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court