People v Brown (2020 NY Slip Op 05060)





People v Brown


2020 NY Slip Op 05060


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-14649

[*1]People of State of New York, respondent,
v
Denzel Brown, appellant.


Janet E. Sabel, New York, NY (Denise Fabiano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Coby Ballard of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (William M. Harrington, J.), dated October 25, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of two counts of rape in the second degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), at which the defendant sought a downward departure from his presumptive level three risk designation, the Supreme Court designated the defendant a level three sex offender.
We agree with the Supreme Court's determination denying the defendant's application for a downward departure to a level two risk designation. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. While "a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional" (People v Wallace, 144 AD3d 775, 776; see People v Torres, 124 AD3d 744, 745-746), the defendant failed to demonstrate that his response to treatment was exceptional (see People v Bigelow, 175 AD3d 1443, 1444; People v McClendon, 175 AD3d 1329, 1331; People v Figueroa, 138 AD3d 708, 709). [*2]The defendant otherwise failed to prove the existence of an appropriate mitigating factor by a preponderance of evidence (see People v Garcia, 176 AD3d 1240, 1241-1242; People v Saintilus, 169 AD3d 838, 839). Accordingly, we agree with the Supreme Court's determination designating the defendant a level three sex offender.
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court