People v Colon (2020 NY Slip Op 05239)





People v Colon


2020 NY Slip Op 05239


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-11174

[*1]People of State of New York, respondent,
v
Jose A. Colon, appellant.


Laurette D. Mulry, Riverhead, NY (Anju M. Alexander of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Nicole L. Gallo and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated August 30, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of two counts of criminal sexual act in the first degree, sexual abuse in the first degree, and two counts of endangering the welfare of a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant sought a downward departure from his presumptive level two risk designation, the County Court designated the defendant a level two sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, contrary to the defendant's contention, the fact that he scored in the lowest risk category on the Static-99R actuarial risk assessment instrument does not, standing alone, qualify as an appropriate mitigating factor (see People v Rivas, 185 AD3d 740; People v Curry, 158 AD3d 52, 60). Further, the defendant did not demonstrate the existence of "any specific, unique risk factor on the Static-99R" that would serve as a mitigating factor in this case (People v Curry, 158 AD3d at 62).
The defendant failed to preserve for appellate review his contentions that a downward departure was warranted on the basis of his advanced age and response to treatment, as he did not assert those grounds for a departure at the SORA hearing (see People v Thomas, 185 AD3d 616; People v Boutin, 172 AD3d 1253, 1254). In any event, his contentions are without merit. Even though advanced age can qualify as a mitigating factor, the defendant failed to demonstrate by a preponderance of the evidence that his age at the time of the SORA hearing—78 years old—would minimize his risk of reoffense or danger to the community, particularly since the instant offenses were committed when the defendant was 71 years old (see People v Rivas, 185 AD3d 740).
Similarly, although an "exceptional" response to sex offender treatment can qualify as a mitigating factor (Guidelines at 17), the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Alvin, 166 AD3d 1025, 1026).
Accordingly, we agree with the County Court's determination to designate the defendant a level two sex offender.
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court