People v Thompson (2022 NY Slip Op 04065)

People v Thompson

2022 NY Slip Op 04065

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

531795
[*1]The People of the State of New York, Respondent,
v
Charles A. Thompson, Appellant.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Tina Sodhi, Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Breslin, J.), entered March 10, 2020 in Albany County, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 1981, defendant was being held in jail awaiting sentencing on unrelated charges when he coerced a 16-year-old inmate into engaging in oral sexual conduct. As a result, defendant was later convicted of two counts of sodomy in the first degree. In preparation for his release from prison in 2020, the Board of Examiners of Sex Offenders prepared a risk assessment instrument under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assigned him a total of 110 points and presumptively placed him in the risk level three classification, without a recommendation for a downward departure. The People agreed. Defendant, in turn, contested the assessment of points under certain factors and requested a downward departure. Following a hearing, Supreme Court agreed with the assessment of 110 points, classified defendant a risk level three sex offender, designated him a sexually violent offender and declined his request for a downward departure. Defendant appeals.
We affirm. Initially, although Supreme Court did not sufficiently set forth its findings of fact and conclusions of law in its written order, the court's oral findings and conclusions, which are supported by the record, permit intelligent review (see Correction Law § 168-n [3]; People v Shook, 199 AD3d 1177, 1178 [2021]; People v Headwell, 156 AD3d 1263, 1264 [2017], lv denied 31 NY3d 902 [2018]). Turning to defendant's contentions, we disagree that he was improperly assessed 20 points under risk factor five (the victim's age). Pursuant to the relevant SORA guidelines, such points may be assessed where the victim involved "was 11 through 16 years old" at the time of the offense, thus encompassing victims of 16 years of age (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006]; see generally People v Macchia, 126 AD3d 458, 459 [2015], lv denied 25 NY3d 910 [2015]; People v DeDona, 102 AD3d 58, 64 [2012]). SORA provides that the People bear the burden of establishing the appropriate SORA risk level classification by clear and convincing evidence (see People v Harvey, 202 AD3d 1296, 1296-1297 [2022]; People v Courtney, 202 AD3d 1246, 1247 [2022]). Here, the People's submissions reflect, and defendant concedes, that the victim involved was 16 years old at the time of the offense. Accordingly, we find that Supreme Court properly assessed defendant 20 points under risk factor five (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 11 [2006]).
We are similarly unpersuaded by defendant's contention that Supreme Court abused its discretion in denying his request for a downward departure. Despite the fact that the basis of his request — a physical disability — may constitute a mitigating factor [*2]warranting a downward modification of his risk assessment level (see Correction Law § 168-l [5] [d]), we note that the record reflects that defendant's physical condition existed at the time of the underlying offense and proved not to be an impediment to his actions.[FN1] He provided no evidence demonstrating that his disability now "minimizes his risk of reoffense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). In rendering its determination, Supreme Court further emphasized defendant's failure to accept responsibility and to complete sex offender treatment while incarcerated, despite multiple opportunities to do so. In view of the foregoing, we find no abuse of discretion in the court's denial of defendant's request for a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Holton, 193 AD3d 1212, 1213 [2021]; People v Curthoys, 77 AD3d 1215, 1217 [2010]).
Egan Jr., J.P., Clark, Aarons and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: To the extent that defendant argues on appeal that his advanced age constitutes a mitigating factor warranting a downward departure, his claim is unpreserved for our review as the record does not reflect that he raised it before Supreme Court (see People v Truelove, 191 AD3d 1076, 1077 [2021]; People v Allen, 177 AD3d 1224, 1224 [2019]; People v Wilson, 167 AD3d 1192, 1194 [2018]).