People v Small (2023 NY Slip Op 03521)

People v Small

2023 NY Slip Op 03521

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

533555
[*1]The People of the State of New York, Respondent,
v
Michael Small, Appellant.

Calendar Date:June 8, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ. 

Tina K. Sodhi, Alternate Public Defender, Albany (Salvatore A. Russo of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Pritzker, J.
Appeal from an order of the County Court of Albany County (Andra Ackerman, J.), entered March 31, 2021, which classified defendant as a level two sex offender pursuant to the Sex Offender Registration Act.
In 2000 in North Carolina, defendant pleaded guilty to prostitution of a minor — promoting solicitation in violation of North Carolina General Statutes § 14.190.18 and was sentenced to 21 to 26 months in prison. Defendant was released from prison in 2002 and, in 2020, relocated to New York. Pursuant to Correction Law § 168-k (l), defendant's North Carolina conviction required him to register as a sex offender in New York. To that end, the Board of Examiners of Sex Offenders submitted a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) which placed defendant as a presumptive level three sex offender, with a score of 125 points. The People also advocated for the assessment of 125 points or, in the alternative, sought a presumptive override based upon a prior felony conviction for a sex crime. At the ensuing hearing, defendant sought a downward departure to a risk level one sex offender based upon his age and physical disabilities. At the conclusion of the hearing, County Court assigned defendant 80 points, placing him at a presumptive risk level two sex offender, and denied both the People's request for an override and defendant's request for a downward departure. Defendant appeals.
Defendant, although not challenging County Court's assessment of 80 points, contends that the court abused its discretion in denying his request for a downward departure given his advanced age of 73 years old at the time of the hearing, the fact that he is deaf, mute and an amputee missing his right arm. To be sure, physical conditions, including advanced age, may constitute mitigating factors warranting a downward departure of a risk assessment level (see Correction Law § 168-l [5] [d]; People v Thompson, 206 AD3d 1391, 1392 [3d Dept 2022], lv denied 39 NY3d 902 [2022]). To the extent that defendant relies on the fact that he is deaf and mute and his right arm has been amputated, he did not provide any evidence as to how such physical conditions minimize the likelihood of him reoffending, particularly given that these conditions "existed at the time of the underlying offense and proved not to be an impediment to his actions" (People v Thompson, 206 AD3d at 1392; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4-5 [2006]). With regard to his age, defendant submitted research studies that discussed the lower recidivism rate of sex offenders as age increases. Other than his conclusory assertion that his age was a mitigating factor, defendant did not establish by a preponderance of the evidence how his age minimizes his own risk of reoffending, particularly given that he was 52 years old at the time of the underlying offense (see People v Rivas, 185 AD3d 740, 740-741 [2d Dept 2020], [*2]lv denied 35 NY3d 918 [2020]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4-5 [2006]). In view of the foregoing, we find no abuse of discretion in County Court's denial of defendant's request for a downward departure (see People v Thompson, 206 AD3d at 1392-1393; People v Rivas, 185 AD3d at 740-741).
Garry, P.J., Egan Jr., Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.